IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, et al | ) ) ) | |
| Plaintiffs, | ) ) | 1:05CV2098 (RJL) |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES AND MICHAEL O. LEAVITT, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' ANSWER**

Defendants United States Department of Health and Human Services ("HHS") and Secretary of Health and Human Services Michael O. Leavitt, (collectively "Defendants") by and through their undersigned counsel, answer the Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") pursuant to Federal Rule of Civil Procedure 8 as follows:

Defendants answer the allegations set forth in the numbered paragraphs of Plaintiffs' Complaint as follows:

1. To the extent that the first sentence states the relief that Plaintiffs are seeking, no response is required. Admit that the Plaintiff agencies are responsible for administering the Child Support Enforcement programs in the States of Alabama, Delaware, Hawaii, Kansas, Louisiana, New Mexico, and Rhode Island and in the District of Columbia. Admit that the Child Support Enforcement Program is governed by Title IV-D of the Social Security Act.

  2.  The first and third sentences characterize the letter of November 14, 2003 sent to the States and the District of Columbia describing a penalty assessed against their Temporary Assistance for Needy Families ("TANF") block grants.  No response is necessary since the letter speaks for itself.   Admit the second sentence.

  3.  Admit.

  4.  Deny.

  5.  Deny.  To the extent that the paragraph refers to Plaintiffs' prayer for relief, no response is required.

  6.  The allegations in this paragraph pertain to the jurisdictional basis and venue for this action and therefore state conclusions of law for which no response is required.

  7.  The allegations contained in this paragraph pertain to the jurisdictional basis and venue for this action and therefore state conclusions of law for which no response is required.

  8.  The allegations in the first sentence pertain to the jurisdictional basis for this action and therefore state conclusions of law for which no response is required.  Admit the second sentence.

  9.  The allegations in this paragraph pertain to the jurisdictional basis for this action and therefore state conclusions of law for which no response is required.

  10.  The allegations in this paragraph pertain to the venue for this action and therefore state conclusions of law for which no response is required.

  11.  Admit.

  12.  Admit.

  13.  Admit.

  14.  Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit that the Child Support Enforcement Program was created in 1975 by Title IV-D when the Social Security Act was amended.  The remaining sentences constitutes Plaintiffs' characterization of a statute for which no response is required; the Court is referred to 42 U.S.C. § 651 et seq. and 45 C.F.R. Chapter III for a complete and accurate description of the program and the persons to whom services are provided.

22. Admit that the Personal Responsibility and Work Opportunity Reconciliation Act ("PRWORA") amended Title IV-D provisions governing the paternity establishment performance ("PEP") measure.  Deny the remainder of the first sentence to the extent that it suggests that PRWORA first established such performance measure.  Admit the second sentence to the extent that in order to meet the PEP performance standards, a State must have a PEP of 90% or, if less than 90%, must show a statutorily designated increase in its PEP from the immediately preceding fiscal year.

23. Admit the first sentence.  Admit the second and third sentences to the extent that they correctly identify the names of the two different paternity establishment options.  The remaining sections of the second and third sentences constitute Plaintiffs' characterization of the

two statutory options for which no response is necessary; the Court is referred to 42 U.S.C. § 652(g)(2)(A) and (B), rather than 42 U.S.C. § 654(g)(2)(A) and (B), for a complete and accurate description of the two options.  Admit the fourth sentence except for the citation; the Court is referred to 45 C.F.R. § 305.1(I) for the applicable regulatory definition of "reliable data."  Admit the fifth sentence except to the extent that it implies that the authority to establish additional performance measures is in the PEP statutory provision or elsewhere in the Title IV-D of the Social Security Act.

    24.  The first sentence constitutes Plaintiffs' characterization as to the history and enactment of the statutory penalty and public law and statutory citations for which no response is required; to the extent that an answer is required, it is denied.  The Court is referred to § 5506(g) of Pub. L. 105-33, The Balanced Budget Act of 1997 for a complete and accurate description of the changes made to § 409(a)(8) of the Social Security Act, 42 U.S.C. § 609(a)(8), by that law.  The second and third sentences constitute Plaintiffs' characterization of the statutory provisions.  The statutory provisions speak for themselves and so no response is necessary.  The Court is referred to § 409(a)(8) of the Social Security Act, 42 U.S.C. § 609(a)(8), for a complete and accurate description of the statutory provisions and their application.

    25.  The paragraph constitutes Plaintiffs' characterization of one subparagraph of the statutory provisions.  The subparagraph speaks for itself and so no response is necessary.  The Court is referred to § 409(a)(8)(C) of the Social Security Act, 42 U.S.C. § 609(a)(8)(C), for a complete and accurate description of the statutory provisions and their application.

26. Admit the first sentence. The remaining sentences represent Plaintiffs' characterization of the provisions of the regulations. The regulations speak for themselves and so no response is necessary. The Court is referred to the final rules at 65 Fed. Reg. 82,178 and 45 C.F.R. Part 305 for a complete and accurate statement of their contents.

27. Deny the first sentence except to admit that ACF's Office of Child Support Enforcement ("OCSE") requires each State to submit form OCSE-157 30 days after the end of the fiscal year and, that by December 31st of each year, a State must submit any final revised version of that form. Defendants also admit that the form consists of over 40 lines of data entry relating to the State's child support enforcement program. Deny the second sentence.

28. Deny the first sentence. Deny the second sentence to the extent that it purports to fully describe the samples chosen for the audits. Deny the third and fourth sentences. Admit that 45 C.FR. § 305.1(I) sets a 95% standard of reliability effective in FFY 2001.

29. Admit the first sentence except to the extent it implies that the purpose of each method is something different than ensuring that the data submitted is reliable. Admit the second sentence except to the extent that it indicates that the auditors assess the reliability of the performance measure rather than the reliability of the data. Deny the third sentence to the extent that it implies that samples are always drawn from a combination of sources.

30. Deny to the extent that it implies there is any obligation to provide advance explanations of auditing methodologies that the agency will use; to the extent that it implies that decisions regarding the auditing methodology to be used were made, or that the guide existed at the time that States first had the option to select a PEP other than the IV-D PEP; to the extent

that it implies that States are unable to change their PEP methodology from year to year; to the extent that it suggests that the PEP alternatives utilize the same data and the difference is simply in the audit methodology rather than in the totally different natures of the sampling universes; and to the extent that it implies that the States' statutory obligation to provide complete and reliable data is somehow altered, qualified, reduced or compromised by or contingent on, the methodology chosen by ACF to validate the completeness and reliability of the submitted data. Deny the second sentence.

    31. Deny.

    32. Deny the first sentence to the extent it implies that no trial audits were conducted prior to the fiscal year 2000. The second and third sentences constitute Plaintiffs' characterization of the December 19, 2001 letter. The letters speaks for itself and so no response is necessary. To the extent that those sentences aver that each State had a letter addressed to it on December 19, 2001, rather than on a different date, deny. Deny the fourth sentence to the extent it implies that the letter was never sent to an umbrella agency head responsible for both the IV-A and IV-D programs.

    33. Admit the first sentence to the extent that the OCSE Office of Audit completed data reliability audits of each State's child support enforcement date for FFY 2001 after December 19, 2001. To the extent that the first sentence avers that each State had a letter addressed to it on December 19, 2001, rather than on a different date, deny. Deny the second sentence to the extent that it states that draft and final reports were issued in all cases. Deny the Plaintiffs' characterization of the reports described in the third through fifth sentences of this paragraph.

The reports speak for themselves. Deny the sixth sentence to the extent it implies that the audit reports sent were never sent to an umbrella agency head responsible for both the IV-A and IV-D programs.

34. Admit that on November 14, 2003 ACF sent letters to 14 jurisdictions. The remainder of the paragraph represents Plaintiffs' characterization of the addressees and contents of the letters. The letters speaks for themselves and so no response is necessary.

35. Admit with respect to the dollar amount of the penalty imposed on all jurisdictions named in the complaint except for Rhode Island. For Rhode Island, deny that $945,077 was the penalty assessed. The penalty instead was $945,007. Deny that the total fiscal impact is twice that of the penalty.

36. Deny.

37. Admit the first sentence. The second sentence constitutes Plaintiffs' characterization of the action filed with the Departmental Appeals Board ("DAB"). The action filed speaks for itself and so no response is necessary. Deny the third sentence.

38. Admit that the six named States also challenged the penalties on grounds relating to the audit methodology used to audit the IV-D PEP and the statewide PEP. Deny the second sentence.

39. Admit.

40. Admit.

41. The first sentence constitutes Plaintiffs' characterization of the DAB decision. The DAB decision speaks for itself and so no response is necessary. The Court is referred to the

DAB decision attached to Plaintiffs' Complaint. The second sentence constitutes Plaintiffs' characterization of a cited regulation. The regulation speaks for itself and so no response is necessary. The Court is referred to § 409(a)(8) of the Social Security Act, 42 U.S.C. § 609(a)(8), and the final regulations at 45 C.F.R. Part 305 published at 65 Fed. Reg. 82,178 for a complete and accurate description of the statute and regulations.

42. The first sentence constitutes Plaintiffs' characterization of the DAB decision. The DAB decision speaks for itself and so no response is necessary. The Court is referred to the DAB decision attached to Plaintiffs' Complaint for a complete and accurate description of the decision. The second sentence constitutes Plaintiffs' characterization of a cited regulation. The regulation speaks for itself and so no response is necessary. The Court is referred to § 409(a)(8) of the Social Security Act, 42 U.S.C. § 609(a)(8), and the final regulations at 45 C.F.R. Part 305 published at 65 Fed. Reg. 82,178 for a complete and accurate description of the statute and regulations.

43. The first sentence constitutes Plaintiffs' characterization of the DAB decision. The DAB decision speaks for itself and so no response is necessary. The Court is referred to the DAB decision attached to Plaintiffs' Complaint for a complete and accurate description of the decision. The second sentence constitutes a legal conclusion to which no response is required. To the extent that a response is required, deny.

44. This paragraph constitutes a legal conclusion to which no response is required. To the extent that a response is required, deny.

45. Defendants repeat every response to paragraphs 1 through 44 as if fully set forth herein.

46. This paragraph constitutes legal conclusions to which no response is required. To the extent that a response is required, deny.

47. Defendants repeat every response to paragraphs 1 through 46 as if fully set forth herein.

48. This paragraph constitutes legal conclusions to which no response is required. To the extent that a response is required, deny.

The balance of the Complaint constitutes Plaintiffs' prayer for relief to which no response is required. Defendants hereby deny all allegations not otherwise admitted or denied in this answer to Plaintiffs' complaint.

WHEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever and request that this action be dismissed with prejudice, with costs and disbursements, and for judgment affirming the decision complained of.

Dated: January 6, 2006
Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

|  |  |
|---|---|
| Of Counsel | _/s/_____ |
| LINDA GRABEL | ADAM D. KIRSCHNER |
| Assistant Chief Counsel | Trial Attorney |
| Children, Families, and Aging Division | U.S. Department of Justice |
| Office of the General Counsel | Civil Division, Federal Programs Branch |
| U.S. Department of | Mailing Address |
| Health and Human Services | P.O. Box 883 |
|  | Washington, D.C., 20044 |
|  | Delivery Address |
|  | 20 Massachusetts Ave., NW., Room 7222 |
|  | Washington, DC 20001 |
|  | Telephone: (202) 353-9265 |
|  | Fax: (202) 616-8470 |
|  | Adam.Kirschner@usdoj.gov |
|  |  |
|  | COUNSEL FOR DEFENDANT |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January 2006, I caused this Answer to be served on Plaintiffs' counsel of record electronically by means of the Court's ECF system.

/s/
Adam D. Kirschner