IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF HEALTH AND )<br>HUMAN SERVICES AND MICHAEL O. LEAVITT, )<br>SECRETARY OF THE DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES )<br>)<br>)<br>)<br>Defendants. )<br>_____) | 1:05CV2098 (RJL) |

**DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT AS TO DECLARATIVE RELIEF THAT THE IMPOSITION OF A PENALTY BY DEFENDANT WAS CONTRARY TO LAW AND AN INJUNCTION ORDERING DEFENDANT TO RESTORE TO THE DISTRICT THE FULL PENALTY AMOUNT IMPOSED**

Plaintiff, the District of Columbia ("the District"), through its attorneys, the Office of the Attorney General for the District of Columbia, respectfully moves for summary judgment, pursuant to Fed. R. Civ. P. 56 (c) declaring that Defendant's actions in assessing and upholding a penalty against the District for its purported failure to meet certain performance and data reliability standards in the District's administration of its Child Support Enforcement Program, was arbitrary, capricious, an abuse of discretion, and otherwise contrary to law, and an injunction ordering the Defendant to restore to the District the full penalty amount. The District is entitled to summary judgment because the Defendant failed to give notice to the District prior to the imposition of a penalty as

1

required by the Social Security Act. A memorandum of points and authorities in support thereof accompanies this motion.

                    Respectfully submitted,

                    ROBERT J. SPAGNOLETTI
                    Attorney General for the District of Columbia

                    DAVID RUBENSTEIN
                    Deputy Attorney General, Public Safety Division

/s/_____
BRENDA WALLS, Bar Number 370940
Chief, Civil Enforcement Section

/s/_____
MAUREEN W. ZANIEL
Senior Assistant Attorney General
Bar Number 358996
Civil Enforcement Section
Suite 450 North
441 4th Street, NW
Washington, D.C. 20001
(202) 727- 3886
(202) 727-6546 (fax)
E-mail: Maureen.Zaniel@dc.gov

/s/_____
KHADIJAH MUHAMMAD-STARLING
Assistant Attorney General
Bar Number 491198
Civil Enforcement Section
Suite 450 North
441 4th Street, NW
Washington, D.C. 20001
(202) 727- 0874
(202) 727-6546 (fax)
E-mail: Khadijah.Starling@dc.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE DISTRICT OF COLUMBIA,          )<br>                                                          )<br>            Plaintiff,                               )      1:05CV2098 (RJL)<br>                                                          )<br>    v.                                                 )<br>                                                          )<br>UNITED STATES DEPARTMENT OF HEALTH AND  )<br>HUMAN SERVICES AND MICHAEL O. LEAVITT,    )<br>SECRETARY OF THE DEPARTMENT OF HEALTH   )<br>AND HUMAN SERVICES                                )<br>                                                          )<br>                                                          )<br>                                                          )<br>            Defendants.                           )<br>_____ ) | |

**DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, District of Columbia ("District"), by and through its attorney, the Office of the Attorney General for the District of Columbia, hereby files this Memorandum of Points and Authorities in support of the District's Motion for Summary Judgment. The Court should grant Summary Judgment in favor of the District because the Defendant failed to give notice to the District, pursuant to the Social Security Act, prior to the imposition of penalties for allegedly failing to meet performance standards and/or failing to submit complete reliable data in the District's administration of its Child Support Enforcement program.

FACTUAL BACKGROUND

In November 2003, the District was informed that defendant Administration for Children and Families ("ACF"), an agency within defendant United States Department of

Health and Human Services ("HHS"), was immediately assessing a penalty equal to 1% of the District's Temporary Assistance for Needy Families ("TANF") block grant in federal fiscal year ("FFY") 2004.  The TANF program is governed by Title IV-A of the Social Security Act ("the Act"). 42 U.S.C. §§ 601 *et seq*.  The penalty relates to the District's purported failure to meet certain performance and data reliability standards in its Child Support enforcement program, which is governed by Title IV-D of the Act.

Prior to assessing the penalties, ACF failed to provide the District with the required notice of penalty and a one-year opportunity to implement corrective action that is provided for by penalty provisions of the Social Security Act and by ACF's own regulations.  HHS violated the Social Security Act and its own regulations in assessing penalties against the District resulting in a reduction to the District's TANF grant.  The District appealed the penalty to HHS's Departmental Appeals Board ("DAB").  In its decision dated July 28, 2005, the DAB upheld the full penalty against the District and other similarly situated states.  Because of the HHS's illegal and improper action in assessing and upholding the penalty, the District filed the instant lawsuit against Defendant seeking a declaration from this Court that Defendant's act was arbitrary, capricious, an abuse of discretion, and otherwise contrary to law, and an injunction ordering HHS to restore to the District the full penalty amount.[1]

ARGUMENT

Pursuant to Fed R. Civ. P. 56 (c) summary judgment should be granted if the moving party proves that no genuine issue of material fact exists and that such party is entitled to judgment as a matter of law.  Frito-Lay, Inc. v. Willoughby, 863 F. 2d 1029

---

[1] The District of Columbia's Statement of Material Facts as to Which There is No Genuine Issue is filed jointly with the other plaintiffs' Motion for Summary Judgment.

4

(D.C. Cir. 1988); Lehrfeld v. Richardson, 954 F. Supp. 9 (D.D.C. 1996); aff'd 132 F.3d 1463 (D.C. Cir. 1998). Any doubt as to the existence of a factual dispute is to be resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining the existence of a material fact, the court must examine the pleadings, depositions, stipulations, admissions, and any affidavits. Colotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

This case involves a challenge to a final administrative action pursuant to the Administrative Procedure Act, ("APA"), 5, U.S.C. §706. A review under 5 U.S.C. § 706 (2) (A) requires the reviewing court to set aside an agency action that if the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Life Care Center of Aurora v. Thompson, No. Civ. A. 02-1437 (RMU), 2003 Lexis 25353 (D.D.C. Sept. 29, 2003). Thus, if it is determined that an administrative agency's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, the court may reverse the agency's decision. Data-Prompt, Inc. v. Cisneros, 1995 U.S. App. Lexis 8793 (D.C. Cir. 1995).

**I. The Departmental Appeals Board's Decision that the Notice Requirements of the Social Security Act and Implementing Regulations Do Not Apply Until the End of the Second Year of Failed Performance and/or Failure to Submit Complete Data is Arbitrary and Capricious.**

In its decision of July 28, 2005, at page fourteen, the DAB ruled that the notice provisions kick in only after the corrective action year. AR-000014.[2] This decision is arbitrary and capricious because such an interpretation entirely eviscerates the notice purpose.

---

[2] AR indicates a reference to the Administrative Record.

5

A.   <u>The Social Security Act and implementing regulations Require the Administration for Children and Families to give Notice to the District of Columbia Prior to the Imposition of Penalties for Failure to Meet Performance Standards and/or failure to Submit Complete and Reliable Data</u>.

The federal statute and regulations are clear in the requirement that the District be afforded notice prior to the imposition of any penalty.  Specific, unambiguous requirements are spelled out in 45 C.F.R. § 305.66(a)-(b), which states:

    (a)  If a State is found by the Secretary to be subject to a penalty as described in § 305.61 of this part, the ACF will notify the State in writing of such finding.

    (b)  The notice will:

       (1) Explain the deficiency or deficiencies which result in the State being subject to a penalty, indicate the amount of the potential penalty, and give reasons for the finding; and

       (2)  Specify that the penalty will be accessed in accordance with the provisions of 45 C.F.R. 262.1(b) through (e) and 262.7 if the State is found to have failed to correct the deficiency or deficiencies cited in the notice during the automatic corrective action year (i.e., the succeeding fiscal year following the year with respect to which the deficiency occurred.) (emphasis added).

The failure to provide notice is particularly egregious in light of the clear Congressional intent that the District has a one-year period in which to correct any identified deficiencies.  *See* 42 U.S.C. § 609(a)(8)(A)(ii)(stating that a state may be penalized under IV-D only if it failed to take corrective action in the succeeding fiscal year); 45 C.F.R. § 305.66(c) ("The penalty … will be assessed if the Secretary determines that the State has not corrected the deficiency or deficiencies cited in the notice by the end of the corrective action year."); 64 Fed. Reg. 55, 074 ("After a failure has been identified, a Sate would have an automatic one-year corrective action period …").  While

6

ACF has acknowledged that States "do not have a full year to correct deficiencies," it blames that on a "technical" error on the part of the drafters rather than on its own process for implementing the penalty provisions. It is not that ACF could not have given the notice that is required, but rather, it did not do so, and the Departmental Appeals Board has strained to make some interpretation of the governing statute and regulations that supports the ACF actions.

For plaintiff, District of Columbia, the November 14, 2003 letter imposing the penalty was the first notice the District of Columbia received that its TANF grant was subject to a penalty on performance indicators in federal fiscal year 2001. There was no prior notice as required by Section 305.66(b) that performance in that year put the District at risk of penalty. Thus, far from having a year in which to take corrective action once a failure is identified, the first notice of the penalty was more than thirteen months after the corrective action year had already ended.

   B. <u>The DAB's Conclusion that the District Had Other Notice Fails to Meet the Requirement of Written Notice Prior to Imposition of a Penalty</u>

The DAB concludes that the District was informed of the data reliability problems during the Corrective Action Year and asserts that such information constituted actual notice. The record shows that conclusion to be unfounded.

The DAB looks to the penalty letter which suggests that various other communications from ACF constitute the required notice. However, in the November 14, 2003 letter ACF suggests that the first communication constituting proper notice to the District is a December 19, 2001 letter from the Commissioner of the AFC to all child support enforcement agencies. That letter is absolutely devoid of any information that would inform the District of its failure, what the potential penalty will be, and what the

7

District would need to do to correct the deficiency.  The letter merely states as a general matter that "States will be subject to penalties for poor performance as of FFY 2001", just as the regulations establish.  The letter contains no specific information as to the District's current compliance with performance levels nor could there be as no FFY 2001 data had yet been submitted.

Secondly, the November 14th letter suggests that the data reliability audits (DRA) might serve as adequate notice under § 305.66(b).  The audit reports not only do not contain the word "penalty" they expressly state that they are not making any determination as to penalties because the Office of Audit does not make any final determination regarding data reliability, rather "[t]he appropriate ACF official will make any final determination as to the reliability of the District's reported performance indicator data." AR-0000852.   Presumably the reason the DRA's do not assess any penalty is because only the Secretary, and not the auditors, has the authority to determine whether a State qualifies for a disregard based on technical non-compliance.  42 U.S.C. § 609(a)(8)(C).  Thus, ACF is not constrained by the audit findings and until ACF makes a final determination, the District does not know if it is at risk of a penalty.

The November 14th letter implies that notice was given through the incentive letter sent to the District.  That letter is no more sufficient as notice than the audit reports.  It fails to meet the requirements of § 305.66(B) in that the letter does not notify the District about a potential penalty, explain the reasons for it, indicate the amount of the penalty, and specify when and under what circumstances a penalty will be assessed.  In fact, the purpose of the letter is to notify the District about incentives *not penalties*.  AR-00001521-00001526.

Lastly, we analyze whether the November 14th letter is itself sufficient notice under 42 C.F.R. § 305.66(a). The answer must be no. The language of the regulation clearly contemplates that notice will be sent when the District is *at risk* of penalty, not when the penalty has already been assessed. *See, e.g.,* 45 C.F.R. § 305.66(b)(1) (referring to "the potential penalty"). The clear purpose of the notice is to give the District the opportunity to make use of the corrective action period to avoid a penalty being imposed. That is why the notice must "specify that the penalty will be assessed … if the State is found to have failed to correct the deficiency cited in the notice during the automatic corrective action year." 45 C.F.R. § 305.66(b)(2); *see also* 64 Fed. Reg. 55,074 ("After a failure has been identified, a State would have an automatic one-year corrective action period …"); *id.* at 55,089 ("The penalties would be assessed and then suspended during the corrective action period."); *id.* at 55,090 (penalty reduction would take place "following the fiscal year in which the determination … is made that the State is subject to penalty").

The interpretation of the DAB simply ignores the clear language of the regulation setting out the notice requirements and thus, is arbitrary and capricious, an abuse of discretion and otherwise contrary to law. It is fundamental in this context that the purpose of the notice is to allow the District an opportunity to avoid a penalty with respect to its performance of its child support duties. If the notice comes after the opportunity to do anything about the potential penalty, the notice has no meaning. Basic statutory construction demands that the regulation be interpreted such that it has meaning. Courts have consistently rejected "interpretation[s] of a statute or regulation when such an interpretation would render the particular law meaningless." Sec'y of Labor v.

9

Twentymile Coal Co., 411 F.3d 256 at 261(D.C. Cir. 2005); *see also* ATT &Corp. v. FCC, 394 F.3d 933, 938-939 (D.C. Cir. 2005).  Failure to give notice as required vitiates ACF's authority to impose a penalty.  *See* 5 U.S.C. § 706(2)(D) (requiring the setting aside of an agency action taken "without observance of procedure required by law").

## II. The Departmental Appeals Board Decision that States Have the Ultimate Responsibility for Monitoring Their Performances is Arbitrary and Capricious, an Abuse of Discretion, and Contrary to Law.

In the DAB decision of July 28, 2005, it ruled that the [District of Columbia] has the ultimate responsibility for monitoring its performance regarding the execution of its child support enforcement program and whether the program was reaching the required performance levels.  In this holding, the DAB again renders the notice requirement a nullity.  Even though the regulations and the preamble to 45 C.F.R. § 305, published at 65 Fed. Reg. 82, 192, note that the States should monitor their own performance, such an admonition cannot be read to cause another provision to be meaningless.  *See* Donnelly v. F.A.A., 411 F.3d 267, 271 (D.C. Cir. 2005) ("We must strive to interpret a statute to give meaning to every clause and word …"); *see also* Potter v. United States, 155 U.S. 438, 446 (1894) (a word in a statute "cannot be regarded as mere surplusage; it means something").  Yet, the ACF and apparently the DAB feel constrained to reach that result because of the statutory framework enacted by Congress.  While this Court would ordinarily give deference to the agency's interpretation of statutes and regulations administered by it, here where the agency "believes that interpretation is compelled by Congress" no such deference is warranted.  Arizona v. Thompson, 281 F.3d 248, 254 (D.C. Cir. 2002).  Moreover, a federal agency, otherwise entitled to substantial deference from the courts when interpreting its own regulations, should not be given such deference

10

when its "interpretation" conflicts with clear and unambiguous language in the regulation.  *See* <u>Drake v. F.A.A.</u>, 291 F.3d 59, 68 (D.C. Cir. 2002) ("The language of the regulation must be ambiguous, lest a substantively new rule be promulgated under the guise of interpretation.").  Federal courts have also held that the amount of deference due an agency's decision may be distinguished by whether the issue is factual or legal, and if the latter, one may expect less deference to agency and more independent review by courts.  <u>Hi-Craft Clothing Co. v. NLRB</u>, 660 F.2d 910 (1981, CA 3).

The interpretation and conclusion that the District must monitor its own performance and take all necessary action in the corrective action year entirely guts the notice provision of 45 C.F.R. § 305.66.  Such a result should not be sustained and the DAB's decision should be set aside.

CONCLUSION

Based upon the foregoing, the District of Columbia respectfully requests that the Court grant its motion for summary judgment.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

DAVID RUBENSTEIN
Deputy Attorney General, Public Safety Division

/s/
BRENDA WALLS, Bar Number 370940
Chief, Civil Enforcement Section

/s/_____
MAUREEN W. ZANIEL
Senior Assistant Attorney General
Bar Number 358996
Civil Enforcement Section
Suite 450 North
441 4th Street, NW
Washington, D.C.  20001
(202) 727- 3886
(202) 727-6546 (fax)
E-mail: Maureen.Zaniel@dc.gov


/s/_____
KHADIJAH MUHAMMAD-STARLING
Assistant Attorney General
Bar Number 491198
Civil Enforcement Section
Suite 450 North
441 4th Street, NW
Washington, D.C.  20001
(202) 727- 0874
(202) 727-6546 (fax)
E-mail: Khadijah.Starling@dc.gov


CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2006, I caused this District of Columbia's Motion for Summary Judgment and Memorandum of Points and Authorities in Support thereof to be served on Adam D. Kirschner, counsel for the United States, and on Caroline M. Brown, Joseph Zambuto, Jr. and Kelly C. Blevins, Covington & Burling, counsel for Plaintiffs other than the District of Columbia, electronically by means of the Court's ECF system.


/s/_____
Maureen W. Zaniel
Senior Assistant Attorney General