**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, et al | ) ) ) | |
| Plaintiffs, | ) ) | 1:05CV2098 (RJL) |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendants, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1, hereby makes the following statement of material facts not in dispute:

1. The Administration for Children and Families (ACF) determined that Alabama, Delaware, Hawaii, Indiana, Kansas, Louisiana, New Mexico, Rhode Island, and the District of Columbia ("plaintiffs" or "states") failed to satisfy their child support enforcement program performance or data completeness and reliability requirements as set forth in Title IV-D of the Social Security Act, during fiscal years (FYs) 2001 and 2002. Joint Administrative Record ("JAR") at 1; Indiana Administrative Record ("IAR") at 1.[1]

2. In a letter dated November 14, 2003, ACF informed the states that because of these

---

[1] Indiana filed a separate appeal to the Department of Health and Human Services Departmental Appeals Board and did not become a party to this lawsuit until the amended complaint. Therefore, the administrative record for the Indiana is labeled separately.

failures they would be assessed a penalty of a one-percent reduction in the adjusted State Family Assistance Grants ("SFAGs") that the states receive under the Temporary Assistance for Needy Families ("TANF") program, Title IV-A of the Social Security Act.  JAR at 662, 711, 782, 911, 1001, 1054, 1146, 1219; IAR at 106.

3.  On January 16, 2004, eight of the plaintiffs, along with New Hampshire, filed a notice of appeal to the Departmental Appeals Board ("DAB" or "Board") of the United States Department of Health and Human Services ("HHS"), contesting the assessed reductions in their SFAGs.[2]  JAR at 83.  Indiana filed its notice of appeal on January 20, 2004.  IAR at 27.

4.  On July 28, 2005, the DAB upheld ACF's decision to assess the penalties against the nine parties before it, rejecting the states' commonly raised issues and each of their individual claims.  JAR at 1 (Decision No. 1989).  On October 26, 2005, the Board upheld ACF's decision to assess the penalty against Indiana, incorporating the analysis and conclusions of its decision of July 28, 2005, Decision Number 1989.  IAR at 1 (Decision No. 2001).[3]

5.  Plaintiffs filed an amended complaint in this Court on January 20, 2006, arguing that ACF's imposition of penalties against the states, and the DAB's decision to uphold ACF's actions, were in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A).  Plaintiff's Amended Complaint ("Pl Am Compl") (Dkt. # 11).

---

[2]New Hampshire is not a party to this lawsuit.

[3]The issues raised in this lawsuit deal only with the common issues that the DAB analyzed in Decision Number 1989.  Because the analysis in that decision was incorporated in the DAB's decision rejecting the Indiana appeal, all references to the DAB's analysis and conclusions in Decision Number 1989 apply to all plaintiffs, including Indiana.  However, Indiana did not raise audit methodology argument before the DAB and therefore cannot benefit if the other plaintiffs were to succeed on that claim.

6. Plaintiffs raised two issues in their complaint; (1) defendants did not give proper notice to the states that they would be assessed a penalty and (2) defendants improperly applied two different methodologies -- depending on which data universe each state chose to use to evaluate its paternity establishment performance ("PEP") -- to determine the adequacy and reliability of the data the states submitted. Pl Am Compl at ¶¶ 47, 49. The notice argument is common to all plaintiffs and the methodology argument is common to Alabama, Delaware, Hawaii, Louisiana, New Mexico, and Rhode Island. Pl Am Compl at ¶¶ 38, 39.

7. The states had not argued before the DAB that ACF violated the APA by not providing notice and comment prior to using different auditing methodologies for the two different data universes. See JAR at 133-138; see also JAR at 462-467.

|  | Respectfully submitted,<br>PETER D. KEISLER<br>Assistant Attorney General |
| --- | --- |
|  | KENNETH L. WAINSTEIN<br>United States Attorney for the District of Columbia |
|  | SHEILA M. LIEBER<br>Deputy Director, Federal Programs Branch |
|  | _/s/_____ |
| Of Counsel | ADAM D. KIRSCHNER |
| LINDA GRABEL | Trial Attorney |
| Assistant Chief Counsel | U.S. Department of Justice |
| Children, Families, and Aging Division | Civil Division, Federal Programs Branch |
| Office of the General Counsel | Mailing Address |
| U.S. Department of | P.O. Box 883 |
| Health and Human Services | Washington, D.C., 20044 |
|  | Delivery Address |
|  | 20 Massachusetts Ave., NW., Room 7222 |

Washington, DC 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

COUNSEL FOR DEFENDANT