IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05CV2098 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES AND MICHAEL O. LEAVITT, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DISTRICT OF COLUMBIA'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiff, the District of Columbia ("the District"), through its attorneys, the Office of the Attorney General for the District of Columbia, opposes the Defendants', United States Department of Health and Human Services and Michael O. Leavitt, Secretary of the Department of Health and Human Services, cross-motion for summary judgment. The District of Columbia opposes said motion based on the points and authorities submitted with the District's Motion for Summary Judgment, incorporated by reference as if fully rewritten herein and the following points.

Further, the defendants have incorrectly cited the District's position with respect to two matters. First, the District does not argue that the statutory and regulatory scheme, for penalizing it for failure to meet performance standards or to submit complete and reliable data, requires that the District be able to formulate a corrective action plan. See

1

Defendants' Memorandum at 22-23. The law is clear that such a plan is not contemplated. However, what the District does argue is that there is a requirement for the Department of Health and Human Services to give notice before the imposition of a penalty. The plain language of the notice provision at 45 C.F.R. § 305.66 shows that the notice is to precede the imposition of any penalty. Use of the word "will" in § 305.66(b)(2) as an auxiliary verb to "be assessed" clearly connotes "simple futurity." See Webster's II New Riverside University Dictionary 1319 (Houghton Mifflin)(1984).

Secondly, the Defendants' are simply wrong that the District is "trying to get a windfall by bringing this lawsuit." It is clear that even the defendants recognize that the fiscal impact of the penalty is felt two-fold because the Department of Health and Human Services withholds the penalty amount from the District's TANF grant and then the District is to "expend additional State funds to replace any reduction in the SFAG resulting from penalties." See Defendants' Memorandum at 48-49.

WHEREFORE, the District of Columbia respectfully requests that Defendants' Cross-Motion for summary judgment be denied.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        DAVID RUBENSTEIN
        Deputy Attorney General, Public Safety Division

        /s/
        BRENDA WALLS, Bar Number 370940
        Chief, Civil Enforcement Section

/s/_____
MAUREEN W. ZANIEL
Senior Assistant Attorney General
Bar Number 358996
Civil Enforcement Section
Suite 450 North
441 4th Street, NW
Washington, D.C.  20001
(202) 727- 3886
(202) 727-6546 (fax)
E-mail: Maureen.Zaniel@dc.gov

/s/_____
KHADIJAH MUHAMMAD-STARLING
Assistant Attorney General
Bar Number 491198
Civil Enforcement Section
Suite 450 North
441 4th Street, NW
Washington, D.C.  20001
(202) 727- 0874
(202) 727-6546 (fax)
E-mail: Khadijah.Starling@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2006, I caused this District of Columbia's Opposition to Defendants' Cross-Motion for Summary Judgment and Memorandum of Points and Authorities in Support thereof to be served on Adam D. Kirschner, counsel for the United States, and on Caroline M. Brown, Joseph Zambuto, Jr. and Kelly C. Blevins, Covington & Burling, counsel for Plaintiffs other than the District of Columbia, electronically by means of the Court's ECF system.

/s/_____
Khadijah Muhammad-Starling
Assistant Attorney General