IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| State of ALABAMA DEPARTMENT OF HUMAN RESOURCES, CHILD SUPPORT ENFORCEMENT DIVISION, *et al.*,<br><br>        *Plaintiffs*,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*<br><br>        *Defendants*. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 1:05CV2098 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' JOINT RESPONSE TO DEFENDANTS'
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

In accordance with Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1, Plaintiffs -- the agencies responsible for administering the Child Support Enforcement programs in Alabama, Delaware, the District of Columbia, Hawaii, Indiana, Kansas, Louisiana, New Mexico and Rhode Island (collectively, "the States" or "the Plaintiffs") -- jointly submit the following response to the Defendants' Statement of Material Facts Not in Dispute. Defendants' numbered statements are reproduced below, each followed by the Plaintiffs' response.

      1.      The Administration for Children and Families (ACF) determined that Alabama, Delaware, Hawaii, Indiana, Kansas, Louisiana, New Mexico, Rhode Island, and the District of Columbia ("plaintiffs" or "states") failed to satisfy their child support enforcement program performance or data completeness and reliability requirements as set forth in Title IV-D

of the Social Security Act, during fiscal years (FYs) 2001 and 2002. Joint Administrative Record ("JAR") at 1; Indiana Administrative Record ("IAR") at 1.

**Response:** Undisputed.

2.     In a letter dated November 14, 2003, ACF informed the states that because of these failures they would be assessed a penalty of a one-percent reduction in the adjusted State family Assistance Grants ("SFAGs") that the states receive under the Temporary Assistance for Needy Families ("TANF") program, Title IV-A of the Social Security Act. JAR at 662, 711, 782, 911, 1001, 1054, 1146, 1219; IAR at 106.

**Response:** Undisputed.

3.     On January 16, 2004, eight of the plaintiffs, along with New Hampshire, filed a notice of appeal to the Departmental Appeals Board ("DAB" or "Board") of the United States Department of Health and Human Services ("HHS"), contesting the assessed reductions in their SFAGs. JAR at 83. Indiana filed its notice of appeal on January 20, 2004. IAR at 27.

**Response:** Undisputed.

4.     On July 28, 2005, the DAB upheld ACF's decision to assess the penalties against the nine parties before it, rejecting the states' commonly raised issues and each of their individual claims. JAR at 1 (Decision No. 1989). On October 26, 2005, the Board upheld ACF's decision to assess the penalty against Indiana, incorporating the analysis and conclusions of its decision of July 28, 2005, Decision Number 1989. IAR at 1 (Decision No. 2001).

**Response:** Undisputed.

5.  Plaintiffs filed an amended complaint in this Court on January 20, 2006, arguing that ACF's imposition of penalties against the states, and the DAB's decision to uphold ACF's actions, were in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A).  Plaintiff's Amended Complaint ("Pl Am Compl") (Dkt. # 11).

**Response:**  Undisputed.

6.  Plaintiffs raised two issues in their complaint: (1) defendants did not give proper notice to the states that they would be assessed a penalty and (2) defendants improperly applied two different methodologies -- depending on which data universe each state chose to use to evaluate its paternity establishment performance ("PEP") -- to determine the adequacy and reliability of the data the states submitted. Pl Am Compl at ¶¶ 47, 49. The notice argument is common to all plaintiffs and the methodology argument is common to Alabama, Delaware, Hawaii, Louisiana, New Mexico, and Rhode Island. Pl Am Compl at ¶¶ 38, 39.

**Response:**   The first sentence is disputed to the extent that it implies that issue (2) concerns only the defendants' use of differing audit methodologies.  Rather, issue (2) concerns the defendants' use of two entirely separate standards of reliability to audit Statewide PEP and IV-D PEP data.  The second sentence is disputed.  The notice argument is common to all plaintiffs and the separate standards of reliability argument is common to Alabama, Delaware, Hawaii, Louisiana, New Mexico, Rhode Island **AND** Indiana.

7.  The states had not argued before the DAB that ACF violated the APA by not providing notice and comment prior to using different auditing methodologies for the two different data universes. See JAR at 133-138; see also JAR at 462-467.

**Response:**  Disputed.  Plaintiff agencies in the States of Alabama, Delaware, Hawaii, Louisiana, New Mexico, and Rhode Island did argue before the DAB that the

3

Defendants failed to provide the States with adequate and timely notice that ACF was using separate standards of reliability to audit Statewide PEP and IV-D PEP data.  *See* JAR 118, 137, 455, 465.  However, Plaintiffs did not specifically cite to the notice-and-comment provisions of the APA when presenting their arguments to the DAB.

          Respectfully submitted,

          /s/
          Caroline M. Brown (D.C. Bar No. 438432)
          Joseph Zambuto Jr. (D.C. Bar No. 484542)
          COVINGTON & BURLING
          1201 Pennsylvania Avenue, N.W.
          Washington, D.C. 20004-2401
          (202) 662-6000
          *Attorneys for Plaintiff Agencies of the States of Alabama, Delaware, Hawaii, Indiana, Kansas, Louisiana, New Mexico, and Rhode Island*

          /s/
          Khadijah Muhammad-Starling
          Assistant Attorney General
          Bar Number 491198
          Civil Enforcement Section
          Suite 450 North
          441 4th Street, NW
          Washington, DC 20001
          (202) 727-3886
          (202) 727-6546 (fax)
          Email: Khadijah.Starling@dc.gov
          *Attorney for Plaintiff District of Columbia Office of the Corporation Counsel*

DATED:  June 21, 2006

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 21st day of June, 2006, I caused the foregoing Plaintiffs' Joint Response to Defendants' Statement of Material Facts Not in Dispute to be served on the following counsel of record electronically by means of the district court's ECF system.

Adam D. Kirschner
<u>MAILING ADDRESS</u>
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
<u>DELIVERY ADDRESS</u>
20 Massachusetts Ave, N.W.
Room 7222
Washington, DC 20001

Maureen W. Zaniel
Senior Assistant Attorney General
District of Columbia Civil Enforcement Section
Suite 450 North
441 4th Street, NW
Washington, D.C. 20001

                                                                                         /s/_____
                                               Joseph Zambuto Jr.
*Attorney for Plaintiff Agencies of the States of Alabama, Delaware, Hawaii, Indiana, Kansas, Louisiana, New Mexico, and Rhode Island*